The opinion of the Court was delivered by
Duncan J.
This was an ejectment by writ, pursuant to the act of 21st March, 1806, and 13th April, 1807. The plaintiff shewed title in himself at the time of the commencement of the action, and the defendant produced in evidence a conveyance by a third person of the premises subsequent thereto. The opinion of the Judge who tried the cause was taken, whether the plaintiff could proceed to recover damages ánd costs, the title being out of him at the time of the trial. .The Judge expressed an opinion that he could not, whereupon the plaintiff suffered a nonsuit, with an understanding, that the Court in Bank should be moved to take it off, if they should be of opinion .that the plaintiff could recover damages and costs.
In order to a right understanding of this question, it may be proper to consider how the law stood under the form of ejectment by declaration, and whether any alteration is made by these acts of assembly.
Originally the plaintiff in ejectment recovered damages only in this action, because terms .for years were so entirely at the common law in the power of the freeholder, were generally so short that they often expired before the suit could be determined; but when they began to extend to a great length, necessarily and in reason the remedy was rendered commensurate with the injury, and if he made out a title to a term subsisting at the time of trial, the judgment was not only for the damages, but quod recuperet terminum, The *133 original mode was by writ, of which there were two forms, that of ejeclione firma, and that of quare ejic.it infra terminum. Runnington, Ejectment, 4, '404. The mode by declaration is said to have been first introduced in Chief Justice Rolle’s time, and is in the nature of a precept to compel the tenant to appear in Court. Smith v. Jones, 8 Mod. 119. This invention, with its subsequent improvements, greatly facilitated the remedy for the recovery of the possession of lands, whether freehold or terms for years, being in the power of the Court; and it has been so modelled as was best adapted to the administration of justice, and to ease the parties in the recovery of their rights. This was a mixed action, in which not only possession was recovered, but damages ; it was not a real-action ; the actions are diverso intuitu; are not brought for the same purposes, or for the samé interests.- A real action can only be brought for the freehold ; but ejectment may be brought for a term of years. It is not decisive of the right between the parties, the party is only restored to his possession ; he may recover against a wrong-doer on the strength of his prior possession ; nay he may recover against the real owner, who forcibly dispossesses him, and who would then be put to his ejectment for the recovery of the possession. When the remedy was by writ, the party recovered his term again, and damages also if the'term was not ended ; if it was ended, the damages only; yet if the term expired, pending the writ, the suit did not abate. F. N,. B. 107. T. 7.
If the term expire pending the suit, the plaintiff cannot recover the possession, because the Court cannot give judgment for the land when it appears on the face of the record, that the title to it is determined, yet he shall have judgment for the damages, because the trespass remains as before. As if an ejectment be bro'ught, and the demise laid on the 1st October, when the plaintiff has title; suppose an estate for another’s life, and on the 1st January, cestuy qui vie, dies, when the title appears to be in the defendant, the plaintiff may proceed in his action and recover his damages, though not the possession, because that must belong to the defendant. The plaintiff is entitled to damages, because the defendant unjustly held the possession at the time the action was brought. Runnington, 404. So where the lessor of the plaintiff claims as tenant for life and dies, the plaintiff may still proceed for damages and costs, although his title is at an *134 end. Turner’s lessee v. Grey et al. 2 Str. 1056. Co. Litt. 285. So where the term laid in the declaration expires during the pendency of the suit, the plaintiff may still proceed for damages and costs. Lessee of Bowne v. Galloway, Circuit Court of the United States for this District. Nor can I see any distinction, whether the title expires by its own limitation, by death, or by the act or conveyance of the party. During, the pendency of the ejectment the party’s necessities may compel him to sell, or it may suit his convenience so to do, or there may be a sale by the sheriff. It would be manifestly unjust, that he who had a good cause of action for two things, damages and the possession, because he had parted with his title to one, should lose both. The judgments are distinct for the term, and'for the damages and costs. Shall he who has been unjustly dispossessed of his property, who had a good cause of action when he commenced it, be obliged, to his own manifest injury, not to part with the title until he obtains a judgment, or if he does, he shall not only give up the damages for its unjust detention, but his costs and more shall be obliged to pay the costs of the wrong-doer.
The reason why, after there is an end of the title of the plaintiff pending the ejectment, he may recover damages and costs, is, because the defendant unjustly withheld the possession, at the time the action was brought. It would appear in principle and in justice, that this reason held equally in all cases where there is an end of such title, let its distinction arise from what cause it may.
1'he right to damages for the tort, for withholding the possession, remains unimpaired, by assignment of the title to the thing itself to. the defendant, and the rule in all actions is, that the plaintiff shall recover according to the right which he had at the time of action brought. Pending an action for the mesne profits, a conveyance of the premises to the defendant, does not operate as a release, or preclude the plaintiff from recovery. Fenn v. Stille, 1 Yeates, 154. The damages do not depend on the privity of estate.
The acts of assembly prescribing the writ of ejectment, instead of procees by declaration, make no alteration in the parties’ rights. The alteration is in form alone, not in substance. It is a substitution of real instead of nominal parties; it is laying aside the fiction and nothing more. The issue not guilty, the mode of trial, the evidence, the verdict, the *135 judgment, and the execution, are the same. Indeed, the legislature, aware that difficulties might arise in the construetion of the act of March, 1806, in the subsequent session, 13th April, 1807, declare that, “the writ of ejectment prescribed in the act, to which this is a supplement, shall issue in all cases, where lands, tenements, and hereditaments are claimed, and give remedy as fully and effectually as in ejectments, in the form heretofore used.” These acts introduce no new rule, but instead of the form then in use, furnish a different form. The remedy is to be the same as in the form theretofore used; the name and substance of ejectment are preserved ; the form only changed. It is the uniform practice in this form of action, to take the verdict for the plaintiff, six cents damages and six cents costs.
It appears, therefore, to the Court, that though judgment could not be given for the possession, yet the plaintiff, notwithstanding his conveyance, could proceed to recover in this action, nominal damages, and the full costs.
Nonsuit set aside.